**12 CV 03203**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Veronica Herskovic;<br>*Plaintiff,*<br><br>-v-<br><br>SMITH CARROAD LEVY & WAN, P.C.;<br>ROBERT S. LEVY;<br>*Defendants,* | Case No._____<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT FOR VIOLATIONS OF THE FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, 15 U.S.C. § 1691 *et seq.* and supplemental jurisdiction exists over the claims pursuant to 28 U.S.C. § 1367.

### PARTIES

2. The Plaintiff in this lawsuit is Veronica Herskovic, (hereinafter "Plaintiff") a natural person, who resides in Orange County, New York and is a consumer as defined by 15 U.S.C. § 1692a(3) (FDCPA).

The first Defendant in this lawsuit is Smith Carroad Levy & Wan, P.C.,(hereinafter "Law Firm as Defendant 1") is a debt collection firm with offices at 5036 Jericho Tpke., Commack, NY 11725-2805.

The second Defendant in this lawsuit is Robert S. Levy, (hereinafter "Levy as Defendant 2") is an individual and Counsel at Smith Carroad Levy & Wan, P.C..

RECEIVED APR 20 2012 PRO SE OFFICE

## VENUE

3. The occurrences which give rise to this action occurred in Orange County, New York and Plaintiff resides in Orange County, New York.

4. Venue is proper in the Southern District of New York.

## GENERAL ALLEGATIONS

5. On or about February 9, 2012 Plaintiff received a letter from Defendant 2, stating that a Complaint and Summons were filed with the Richmond County Civil Court, further stating that a Judgment had been issued against Plaintiff. Defendant demanded payment from the Plaintiff for an alleged Discover Bank account in the amount of $4,023.84. Defendant alleged to be the holder of this judgment by purchase and/or assignment, for an the alleged consumer debt as defined by 15 U.S.C. §1692(a)(5) which had allegedly been consigned, placed or otherwise transferred to Defendants for collection.
(See Exhibit A as attached herein).

6. On or about February 14, 2012 Plaintiff sent a written demand for **Validation** and notice of dispute in writing to the Defendant 2, via U.S. Mail Certified Receipt # 7011 2970 0002 6272 1919 requesting proper Validation and gave notice to cease and desist once again from any further collection until Validation was properly and legally provided, pursuant to the FDCPA 1692g(B). (See Exhibit B as attached herein).

7. Plaintiff's request for authenticated documentation of the alleged debt providing the general ledger of accounting, verified statements as to the account history and a signed valid contract for the alleged account have not been provided to Plaintiff by the person who is responsible for the records created and maintains the account records at issue with a notarized statement that the documentation is true, accurate and not misleading.

8. On February 21, 2012 Plaintiff received a letter from Defendant 1, clearly after the receipt of my cease and desist notice, which stated, *"THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR"* in violation of 15 U.S.C. § 1692g(b). This is the only correspondence Plaintiff has received from Defendants. (See Exhibit C).

9. Defendants have not complied with Plaintiff's written request to **Validate** the alleged debt but have continued collection activities.

10. Defendant 1, by stating that $3,298.23 was owed to them violated 15 U.S.C. § 1692e(2) by misrepresenting the amount the alleged debt.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692e BY DEFENDANTS SMITH CARROAD LEVY & WAN, P.C. & ROBERT S. LEVY

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Defendant 1 and 2, are debt collectors within the meaning of the FDCPA § 1692a(6).

13. Defendants 1 and 2 violated the FDCPA Title 15 1692 subsections as follow: Defendant's violations include, but are not limited to, the following:

   a. Violation of *15 U.S.C. §1692e(2)* by falsely representing the character, amount, or legal status of any debt. If account is not Plaintiff's it is not Plaintiff's legal debt.

      i. By claiming said amount was owed to Defendants, but whom Plaintiff has never heard of nor has a contract for a business Relationship.

      ii. By falsely stating the amount of the alleged debt by being considerably higher than last known by Defendant which was $4,023.84

        iii. By stating a court judgment had been rendered, when it had not.

   b. Defendants 1 and 2 violated *15 U.S.C. §1692e(8)* as by filing a complaint against Plaintiff on September 14, 2011, Defendants did communicate to the court by way of filed documents, which are public records, knowingly filing false information as to Plaintiff's credit by claim of the alleged erroneous obligation. Courts have held CV-019681-11/RI that receiving notices of collection on attorney letter head IS "deemed to be a threat" as it implies law suit to follow. Filing was done with deliberate intent for personal profit without regard of Plaintiff's actual alleged obligation; a deliberate and intentional act which would cause any normal person to experience emotional distress.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692g BY DEFENDANTS SMITH CARROAD LEVY & WAN, P.C. & ROBERT S. LEVY

14. Paragraphs 1 through 13 are re-alleged as though fully set forth herein.

15. Defendants sent dunning letters to the Plaintiff on multiple occasions to coerice collection of the alleged debt. Defendants had clearly been noticed of demand for validation to cease and desist all collection activities until proof of the alleged debt was provided to Plaintiff. Defendants are in violation of 15 U.S.C. § 1692g(B).

16. Defendants communication did not state the Plaintiff's right to dispute the debt within 30 days nor Plaintiff's right to have Validation and Verification of the alleged debt prior to proceeding with further collection activities which are in violation of 15 U.S.C. § 1692g(a)(3).

17. The response Plaintiff received from Defendants after the certified request for Validation of the alleged debt did not contain any validation of the alleged debt but more communication that was simply an attempt to collect a debt. Defendants are in blatant violation of 15 U.S.C. Title 15 § 1692g(b) by continued demands and not providing the disclosures required in 15 U.S.C. § 1692g(a)(1)(3)(4)(5).

**WHEREFORE,** Plaintiff demands judgment for damages in the amount of $1,000.00 **against each Defendant,** for violation of the Fair Debt Collection Practices Act. Smith Carroad Levy & Wan, P.C. and Robert S. Levy, for statutory damages a total of $2,000.00 fees and costs, pursuant to 15 U.S.C. §1692k(a)(2);.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: April 17, 2012

Respectfully Submitted,

By: /s/ Veronica Herskovic
Veronica Herskovic
337 Schunnemunk Road
Highland Mills, NY 10930
ibzp12@gmail.com

ATTORNEYS AT LAW

# Smith Carroad Levy & Wan, P.C.

ROBERT S. LEVY
TIMOTHY WAN

PRAGNA PARIKH
JANEEN M. HOWARTH

OF COUNSEL:

DONALD VICTOR
NANCY WASSERSTEIN
JAY I. WALDHAUSER

# EXHIBIT A

P.O. BOX 49 COMMACK, NY 11725-0049    TELEPHONE (631) 499-5400    FACSIMILE (631) 493-0189

VERONICA HERSKOVIC
337 SCHUNNEMUNK RD
Highland Mills NY 10930

February 9, 2012
Our File No.: F0203323

RE:   DISCOVER BANK
vs.   VERONICA HERSKOVIC
Amount Due: $4,023.84
Settlement Offer: $2,032.04

## SETTLEMENT OFFER

Dear Ms. HERSKOVIC:

    Our client has authorized us to offer you **substantial discounts** if you can pay off the outstanding balance owed on the judgment that was previously obtained against you. This is an opportunity for you to clear up this obligation and **save money**. However, you must contact us at once since this offer will expire on April 1, 2012.

    In addition to substantial reductions for lump sum settlements, there are also discounts available for payment arrangements. To be eligible for payment plan discounts, the payment plan cannot exceed twelve months.

    The present balance owed on your judgment as of this date is indicated above. Under New York law, interest is added to the judgment balance on a daily basis based upon at the rate of 9% per year.

    Please remember that if you wish to take advantage of this offer, you must contact us at once since our authority to offer settlements will expire on April 1 2012.

    **If you are unable to take advantage of this offer at this time, please contact us to discuss other possible alternatives. It is our desire to work with you and help you resolve this matter.**

**This is an attempt to collect a debt and any information obtained shall be used for that purpose.**

<u>**All correspondence should be directed to Dan Levine.**</u>

Very truly yours,

Smith Carroad Levy & Wan, P.C.

**PLEASE MAKE CHECK PAYABLE TO Smith Carroad Levy & Wan, P.C.
NOTING THEREON THE FILE NUMBER.**
DOFFERTX\WP

February 13, 2012                               **EXHIBIT B**

From:

Veronica Herskovic
337 Schunnemunk Road
Highland Mills, NY 10930

To:

Smith Carroad Levy & Wan, P.C.
5036 Jericho Tpke.
Commack, NY 11725


Dear Robert S. Levy,

This letter is not a refusal to pay, but a notice sent pursuant to the Fair Credit Reporting Act **15 U.S.C. §1681,** that your claim is disputed and validation is requested.

This is not a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

- What the money you say I owe is for.

- Explain and show me how you specifically calculated the entire amount of what you say I owe.

- Provide me with copies of any and all papers that show I agreed to pay what you say I owe to include **original signatures**.

- Identify the ORIGINAL creditor.

If your offices are able to provide the proper documentation as requested, I will require at least 30 days after receipt to investigate this information and during such time all collection activity must cease and desist.

If your offices fail to respond to this validation request within 10 days from the date of your receipt, all references to this account must be deleted and completely

removed from my credit files and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records; any information obtained shall be used for that purpose.

Dated: February 13, 2012

Respectfully submitted,

By: _____
Veronica Herskovic, authorized representative

Sent by certified mail, # 7011 2970 0002 6272 1919

ATTORNEYS AT LAW

# Smith Carroad Levy & Wan, P.C.

ROBERT S. LEVY  
TIMOTHY WAN  

PRAGNA PARIKH  
JANEEN M. HOWARTH  

OF COUNSEL:  

DONALD VICTOR  
NANCY WASSERSTEIN  
JAY I. WALDHAUSER  

P.O. BOX 49 COMMACK, NY 11725-0049           TELEPHONE (631) 499-5400           FACSIMILE (631) 493-0189

# EXHIBIT C

VERONICA HERSKOVIC  
337 SCHUNNEMUNK RD  
Highland Mills NY 10930  

February 21, 2012

RE:   DISCOVER BANK  
Amount Due: $3,298.23  
Our File No.: F0203323

Dear Ms. HERSKOVIC:

Pursuant to your request, we are enclosing documentation substantiating our client's claim. We are sure that after you have had the opportunity to review these papers, you will forward your payment to our office in the sum of $3,298.23.

In the event we do not receive your payment or hear from you, we will be obliged to proceed which may result in added expense to you.

This is an attempt to collect a debt and any information obtained shall be used for that purpose. This is a communication from a debt collector.

Very truly yours,

Smith Carroad Levy & Wan, P.C.

DN2\WP

5036 Jericho Turnpike  
Commack NY 11725-2805

www.smithcarroad.com

NYC DCA  
License # 1311028