UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

VERONICA HERSKOVIC,                           Case No: 12 CV 03203-ER/LMS
                         Plaintiff

-against-                                                          ANSWER

SMITH, CARROAD, LEVY & WAN, P.C.;
ROBERT S. LEVY,
                         Defendants

-----------------------------------------------------------x

      Defendants, a law firm and an attorney at law admitted to practice before the courts of the State of New York, appearing *pro se*, as and for their Answer to Plaintiff's Complaint, hereby respond under penalty of perjury, as follows:

      1.     Defendants deny the allegation in paragraph 1 that the Court has jurisdiction pursuant to 15 U.S.C. §1691, because Plaintiff has not alleged sufficient facts for this statute to apply.

      2.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 with respect to Plaintiff's residence. Defendant denies Plaintiff's characterization that it is a 'debt collection firm.' Defendant Smith, Carroad, Levy & Wan, P.C. is a law firm, which represents creditors as part of its practice. Defendant admits that Robert S. Levy is an attorney at Defendant Firm.

      3.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

      4.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5, because such allegation is confusing, but admits that a

letter dated February 9, 2012 was sent to Defendant, in the form annexed to the Complaint as Exhibit A..

5. Defendants admit the allegation in paragraph 6 that Plaintiff sent a letter on or about February 14, 2012 to Defendant, which was substantially in the form annexed to the Complaint as Exhibit B, but Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 6.

6. Defendants deny Plaintiff's characterization of her document request as set forth in paragraph 7 and deny the allegations in paragraph 7 that appropriate documentation was not sent.

7. Defendants deny the allegation in paragraph 8 that they violated 15 U.S.C. §1692g(b) by sending correspondence with the validation package sent to Plaintiff. Defendants deny that Plaintiff only received one piece of correspondence from Defendants; Plaintiff annexed to her complaint more than one letter from Defendants.

8. Defendants deny the allegation in paragraph 9 that Defendants have not validated the debt.

9. Defendants deny each and every allegation contained in paragraph 10.

10. Defendant Smith, Carroad, Levy and Wan, P.C. admits that it regularly engages in activities which would define it as a "debt collector" under 15 USCA §1692a(6). Defendant Robert S. Levy, denies that he is personally a debt collector, because actions taken by him, if any, were performed in his capacity as a principal of Smith, Carroad, Levy & Wan, P.C., not as an individual.

11. Defendants deny each and every allegation contained in paragraph 13.

12. Defendants deny each and every allegation contained in paragraph 15, except

admit that Plaintiff demanded validation.

13. Defendants deny the allegation in paragraph 16 that notice of Plaintiff's right to validation was not sent and further deny that Defendants violated statute; Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of paragraph 16.

14. Defendants deny each and every allegation contained in paragraph 17.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. Defendant Robert S. Levy is not a proper party to this action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. If any violation of FDCPA occurred, it was due to bona fide error, made in good faith, occurring despite employment of reasonable procedures to designed to avoid such error.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. The Court lacks subject matter jurisdiction, because Defendant seeks to undermine a state court judgment or proceeding.

WHEREFORE, It is respectfully submitted that Plaintiff's complaint should be dismissed in all respects and Defendant should be awarded such other and further relief as the Court deems just and proper.

Dated: June 26, 2012
       Commack, NY

_____
Robert S. Levy
Individually and on behalf of
SMITH, CARROAD, LEVY & WAN, P.C.
5036 Jericho Turnpike
Commack, New York 11725
(631) 499 - 5400

## CERTIFICATE OF SERVICE

    I certify that on the date set forth below I served the attached Answer by first class mail by mailing same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the Plaintiff as indicated below:

        Veronica Herskovic  
        337 Schunnemunk Road  
        Highland Mills, New York 10930

Dated: Commack, New York  
        June 27, 2012

_____  
Robert S. Levy